## IN THE CIRCUIT COURT OF ST. FRANCIS COUNTY, ARKANSAS
## CIVIL DIVISION

NIKKI FOREMAN, Special Administrator of the Estate of
BONNIE GAIL HUTTON, deceased                                    PLAINTIFFS

v.                              Case No. 62CV-24-73-4

BLESSED ROAD, INC.;
JENNIFER N. DYSART; and
JOHN DOE 1 – 10                                                 DEFENDANTS

### COMPLAINT

COMES NOW the Plaintiff, Nikki Foreman, Special Administrator of the Estate of Bonnie Gail Hutton, deceased, by and through her attorneys Denton, Zachary & Norwood PLLC, and for her Complaint, states as follows:

### I. INTRODUCTION

1. This is a wrongful-death lawsuit wherein Bonnie Gail Hutton was tragically killed when a tractor trailer entered Interstate 40 near Forrest City, Arkansas causing a collision with the vehicle Bonnie Gail Hutton was a passenger in. Plaintiff brings this wrongful-death lawsuit on behalf of herself, the Estate of Bonnie Gail Hutton and all wrongful death beneficiaries.

### II. PARTIES

2. Plaintiff Nikki Foreman is the daughter of Bonnie Gail Hutton, deceased, and is the court appointed special administrator of the estate of Bonnie Gail Hutton.

**FILED**
APR 01 2024

TIME: _____ M
ALAN T SMITH, CLERK
ST FRANCIS COUNTY

**EXHIBIT 1**

3.  Defendant Blessed Road, Inc. is a for profit corporation regulated under the Federal Motor Carrier Safety Regulations. Blessed Road, Inc. can be served through its registered agent of service: **Jennifer M. Dysart, 1091 Stone Road, Kimberling City, MO 65686-9228.** Blessed Road, Inc. was the owner of the tractor-trailer driven by separate defendant Dysart at the time of the subject accident.

4.  Defendant Jennifer M. Dysart (hereafter "Dysart") is a commercial motor vehicle driver that operated the Blessed Road, Inc. vehicle pursuant to the Federal Motor Carrier Safety Regulations at the time of the collision. Defendant Dysart can be served at her physical address of **1091 Stone Road, Kimberling City, MO 65686-9228**. At all relevant times herein, Defendant Dysart was under the control of or acting as an agent/servant/employee of Blessed Road, Inc.

5.  Defendants John Does 1 - 10 are persons or entities whose identities are unknown at this time, including but not limited to other Trucking companies and/or brokers that were contractually obligated to transport the subject load. To the extent that one or more of these persons or entities are responsible, legally or factually, for the acts and omissions named herein, or for the harm caused thereby, they are considered tortfeasors for purposes of the present action. Plaintiff anticipates the identity of said unknown tortfeasors will be determined in discovery. Plaintiff has attached an Affidavit hereto as Exhibit A, pursuant to Ark. Code Ann. 16-56-125.

### III. JURISDICTION AND VENUE

6.  This Court has Jurisdiction pursuant to Ark. Const. art. 7, § 11, which says that circuit courts shall have jurisdiction in all civil cases; and pursuant to Ark.

Code Ann § 16-13-201(a), which says that circuit courts shall have original jurisdiction of all actions and proceeding for the redress of civil grievances except where exclusive jurisdiction is given to other courts.

7. Venue is proper pursuant to Ark. Code Ann § 16-60-101(a)(1), which says that actions may be brought in the county where the incident occurred which caused the injury.

## IV. FACTS

8. On December 7, 2021, Bonnie Gail Hutton (hereafter "Hutton") was a passenger in a tractor-trailer traveling west on Interstate 40 near Forrest City, Arkansas.

9. On or about the same time, Separate Defendant Dysart was attempting to drive a Blessed Road, Inc. truck west on Interstate 40 near Forrest City, Arkansas.

10. During this time period, the Blessed Road, Inc. vehicle driving by Dysart began having mechanical issues causing the vehicle to drive at a significantly lower speed than surrounding traffic.

11. Due to the mechanical issues and significantly lower speed the Blessed Road vehicle was traveling, it presented a significant hazard to Hutton and other individuals traveling on Interstate 40.

12. Prior to the collision, the Blessed Roads, Inc. vehicle pulled off the shoulder of Interstate 40 in the travel lanes and in the path of the vehicle Hutton was traveling in without warning and while experiencing mechanical issues.

13. Due to the mechanical issues and the dangerous hazard the Blessed Road vehicle created, the Hutton vehicle was forced to attempt an accident-avoidance maneuver when the Blessed Road vehicle negligently and recklessly entered Hutton's travel lane.

14. The slow speed that the Blessed Road vehicle was traveling violated the reasonable expectancy that vehicles located in the travel lanes of Interstate 40 are traveling at or near highway speeds.

15. The Blessed Road vehicle created an unreasonably dangerous condition in which traffic would have to encounter a slow-moving vehicle in the travel lanes without sufficient warning to anticipate having to make an accident-avoidance maneuver.

16. The time and distance afforded to the Hutton vehicle prior to impact was inadequate for a complete accident-avoidance maneuver and the Hutton vehicle clipped the corner of the Blessed Road trailer ultimately throwing the Hutton vehicle into the right shoulder.

17. As a result of the crash, Hutton sustained significant and serious injuries and was ultimately pronounced dead at the scene.

## V. CAUSES OF ACTION

### A. Direct and Vicarious Liability of Blessed Road, Inc.

18. The preceding paragraphs are hereby incorporated by reference.

19. Defendant Dysart had a direct, affirmative non-delegable duty, as a commercially licensed trucking operation, to safely and jointly operate her

commercial motor vehicle on the highways of the State of Arkansas in a reasonably prudent manner and with the highest degree of care.

20. At all relevant times, Defendant Dysart as acting as an agent/employee/servant of Blessed Road subject to its direction and control while furthering their business interests and financial enterprise on highways in the State of Arkansas.

21. Defendant Blessed Road is affirmatively negligent and directly and vicariously liable, under the doctrine of *respondeat superior* and imputed conduct, for the conduct of its agents and employees.

22. Defendant Dysart is an agent of Blessed Road, Inc. who was tasked by Blessed Road, Inc. to drive its vehicles and commercial motor vehicles through the state of Arkansas and across state lines.

23. The acts and omissions of Dysart are directly imputed to Blessed Road, Inc.

24. Defendant Dysart's negligent, reckless and careless acts and omissions occurred while they were within the scope and course of their employment and in furtherance of the business interests and control of Defendant Blessed Road on the public roads and highways in the State of Arkansas.

25. Defendant Blessed Road failed to train, supervise, monitor and control its agents, including Defendant Dysart, regarding the rules, regulations, procedures and policies applicable to commercial drivers operating commercial motor vehicles on the roads of the United States and the State of Arkansas.

26. Defendant Blessed Road negligently entrusted their vehicle to an incompetent, inexperienced, and reckless driver. Defendant Blessed Road knew or had reason to know of Dysart's incompetent, inexperienced, and reckless behavior. Entrusting the tractor trailer to Dysart created an appreciable risk of harm to Bonnie Gail Hutton. That harm was proximately or legally caused by the negligent entrustment by Blessed Road.

27. Defendant Blessed Road failed to have policies and/or procedures in place to prevent its drivers, including Dysart, from operating its commercial motor vehicles in a negligent and/or reckless manner.

28. Defendant Blessed Road, through its actions and inactions, adopted a policy in which it allowed and encouraged, rather than discouraged, Defendant Dysart to drive in the negligent and reckless manner in which Defendant Dysart was driving at the time that he collided with Hutton.

29. Defendant Blessed Road also acted negligently and recklessly by failing to inspect and/or maintain its vehicles prior to traveling on the interstates of Arkansas.

30. Defendant Blessed Road failed to have policies and/or procedures in place to prevent its vehicles from malfunctioning on high-speed interstates.

31. Defendant Blessed Road was itself willful and wanton in its conduct, as it had notice or could have foreseen that its vehicles could not safely drive on Interstate 40 at the time of the collision but continued to do so with impunity.

6

32. As a direct and proximate result of the acts and omissions of Defendants Blessed Road and Dysart, as described above, Hutton, was killed, and Plaintiff seeks compensation under the Arkansas Wrongful Death and Survival Statutes for the estate of Bonnie Gail Hutton and all the statutory wrongful death beneficiaries.

### *B. Direct Negligence of Defendant Dysart*

33. The preceding paragraphs are hereby incorporated by reference.

34. Defendant Dysart, the commercial motor vehicle driver of Defendant Blessed Road, was directly and affirmatively careless, reckless, and negligent in the State of Arkansas, including, but not limited to, the following particulars:

a. Driving in such a careless manner as to evidence a failure to keep a proper lookout for other traffic, in violation of Ark. Code Ann. § 27-51-104(a);

b. Driving in such a careless manner as to evidence a failure to maintain proper control of the vehicle, in violation of Ark. Code Ann. § 27-51-104(a),(b)(6), & (b)(8);

c. Driving at a speed that is not reasonable or prudent under the conditions in regard to actual and potential hazards existing at the time, and as necessary to avoid colliding with any vehicle upon the roadway, and in the use of due care, in violation of Ark. Code Ann. § 27-51-201(a)(1) & (2);

d. Failing to maintain a proper lookout for other traffic, in violation of the common law of Arkansas;

e. Failing to maintain control of the vehicle, in violation of the common law of Arkansas;

f. Failing to yield the right-of-way to other vehicles, in violation of the common law of Arkansas;

g. Failing to maintain appropriate speed under the facts and circumstances, in violation of the common law of Arkansas;

h. Failing to obey the "rules of the road" in violation of the common law of Arkansas;

i. Failing to exercise the degree of care that an ordinary prudent person would exercise under the facts and circumstances as they existed at the time of the accident;

j. Failing to operate a motor vehicle upon Arkansas roadways in such a way as to avoid injuring or killing someone, in violation of the common law of Arkansas; and

k. Failing to operate a reasonably safe commercial motor vehicle in a reasonably prudent and safe manner, and in accordance with the minimum requirements found in the Federal Motor Carrier Safety Regulations, 49 C.F.R. §§ 390, 391, 392, 393, *et seq.*

35.   It was foreseeable that the failure of Defendants Blessed Road and Dysart to operate, inspect and maintain their commercial motor vehicle in a reasonably prudent and safe manner on highways in the State of Arkansas, would present and cause an appreciable risk of serious harm or danger to other public users and travelers on the interstate and intrastate highway systems, including Bonnie Gail Hutton.

36.     It was foreseeable that the vehicle driven by Dysart could not be operated in a safe manner on Interstate 40.

37.     Despite the knowledge of a direct hazard to the traveling public, by continuing to drive the Blessed Road vehicle, Defendant Dysart continued to drive on Interstate 40.

38.     Separate Defendant Dysart knew or should have known that at the time of the crash that the condition of the Blessed Road vehicle created a hazard to the traveling public and did not allow drivers enough time or space to safely avoid colliding with the Blessed Road vehicle.

39.     Blessed Road's vehicle could not enter the flow of traffic on the four-lane highway in this area without causing on-coming traffic to yield or otherwise engage in an avoidance maneuver, creating an unreasonable risk of harm to the traveling public in contravention of the common law rules of the road, statutes and regulations of the state of Arkansas, and the Federal Motor Carrier Safety Act.

40.     The above-referenced Arkansas statutes and the Federal Motor Carrier Safety Regulations (FMCSRs) were enacted and intended to protect motorists, passengers and pedestrians from the dangerous operation of vehicles, including commercial motor vehicles operating upon public roadways and interstate highways. At the time of the statutory violations alleged above, Bonnie Gail Hutton, was a motorist on an Arkansas highway, and thus belonged to the class of persons that these Arkansas statutes and the Federal Motor Carrier Safety Regulations were enacted and intended to protect.

9

41.     As a direct and proximate result of the acts and omissions of Defendants Blessed Road and Dysart, as described above, Bonnie Gail Hutton, was killed, and Plaintiff seeks compensation under the Arkansas Wrongful Death and Survival Statutes for the estate of Bonnie Gail Hutton and all the statutory wrongful death beneficiaries.

## VI. PROXIMATE CAUSATION

42.     The facts and allegations recited above are incorporated by reference and made a part hereof as though set out verbatim.

43.     As a direct and proximate result of the negligent and reckless acts and/or omissions of Defendants, as described above, Jimmy Keith, Sr. suffered severe injuries and death for which Plaintiffs are entitled to obtain recovery on behalf of the estate of Bonnie Gail Hutton and all wrongful death beneficiaries pursuant to Ark. Code Ann. § 16-62-102.

## VII. DAMAGES

44.     The preceding paragraphs are incorporated by reference.

45.     Plaintiff brings this action on behalf of all wrongful death beneficiaries who are entitled to be compensated for damages in an amount in excess of the amount required for federal court jurisdiction in diversity of citizenship cases as generally stated below:

   a.     Any and all pecuniary injuries sustained, including what Bonnie Gail Hutton might have been reasonably expected to earn in the future;

b.  Loss of services and contributions of Bonnie Gail Hutton including but not limited to the services and companionship Bonnie Gail Hutton provided as a mother, wife and sister; and the physical, moral and intellectual training Bonnie Gail Hutton provided as a parent; and the services and companionship he provided as a sibling and;

c.  Pain, suffering, and mental anguish experienced in the past and reasonably certain to be experienced in the future by the beneficiaries.

46. Additionally, the estate of Bonnie Gail Hutton is entitled to be compensated for damages as stated below:

a.  Bonnie Gail Hutton's loss of life;

b.  The reasonable value of any and all funeral expenses;

c.  Any conscious pain and suffering of Bonnie Gail Hutton attributable to the conduct of the Defendants;

d.  All medical expenses incurred by Bonnie Gail Hutton arising out of the injuries sustained attributable to the conduct of Defendants;

e.  The pecuniary value of Bonnie Gail Hutton's future earnings beginning the day of her death and continuing until such time as reasonably provided by Arkansas law;

f.  All other damages permissible under the Arkansas Wrongful Death Statute and any other applicable law.

## VIII. PUNITIVE DAMAGES

47. Plaintiffs are also entitled to punitive damages for the reckless, wantonness and malicious conduct of Defendants as described above. Specifically, Plaintiffs are entitled to punitive damages for Defendants' conduct that occurred under circumstances where Defendants knew, or should have known, that their conduct would naturally and probably result in injuries or damages and continued such conduct with malice, conscious indifference or reckless disregard of the consequences for which malice may be inferred.

## IX. REQUEST FOR JURY TRIAL

48. Plaintiffs request a jury trial on all questions of fact.

49. Plaintiffs reserve the right to amend and supplement this Complaint as facts are gathered and known through the discovery process.

**WHEREFORE,** Plaintiff Nikki Foreman, as Special Administrators of the Estate of Bonnie Gail Hutton, deceased, prays that she recover judgement against Defendants in an amount in excess of the amount required for federal court jurisdiction in diversity of citizenship cases, for compensatory damages, punitive damages, pre-judgment and post-judgment interest, reasonable expenses and costs, attorneys' fees, and for all other just and appropriate relief.

Respectfully Submitted,

NIKKI FOREMAN, SPECIAL ADMINISTRATORS OF THE ESTATE OF BONNIE GAIL HUTTON, DECEASED

By: _____
Joe Denton, ABA #2012167

Justin C. Zachary, ABA #2010162
Andrew P. Norwood, ABA #2017107
James Lloyd, ABA #2018024
DENTON ZACHARY & NORWOOD, PLLC
2100 Riverdale Road, Suite 200A
Little Rock, Arkansas 72202
501-358-4999 (Tel.)
501-358-4737 (Fax)
joe@dentonandzacahary.com
justin@dentonandzachary.com